**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,           ) | |
|                                                               ) | |
|             Plaintiff-Respondent,         ) | |
|                                                               ) | |
| vs.                                                         ) | Case No. CR-03-168-M |
|                                                               ) |                (CIV-05-162-M) |
| SUSIE JANE PATTON,                      ) | |
|                                                               ) | |
|             Defendant-Movant.            ) | |

**ORDER**

Defendant-Movant Susie Jane Patton ("Patton"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 7, 2005. On March 3, 2005, plaintiff-respondent United States of America filed its response, and on March 29, 2005, Patton filed her reply.

I.    Introduction

On August 5, 2003, a federal grand jury sitting in the Western District of Oklahoma returned a three-count indictment against Patton, charging her with falsely representing and using a social security number as her own when, in fact, it was not the social security number assigned to her by the Commissioner of Social Security, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2(b). On October 15, 2003, Patton entered a plea of guilty to Count 3 of the Indictment. On March 2, 2004, a sentencing hearing was conducted, and the Court sentenced Patton to five years' probation, with standard conditions and specific financial conditions.

On April 7, 2004, a Petition for Warrant or Summons for Offender under Supervision was filed by the United States Probation Office. The petition alleged that Patton violated a condition of her probation by committing the state crime of possession of a credit card belonging to another, after former conviction of a felony. Additionally, on April 13, 2004, an Amended Report on Offender

under Supervision was prepared adding an additional violation of failing to notify her probation officer within 72 hours of being arrested by law enforcement.

A final revocation hearing was held on April 14, 2004 and April 16, 2004. After hearing the evidence, the Court found that Patton had violated the conditions of her probation and sentenced her to 36 months' incarceration, to be followed by a 24-month term of supervised release.

Patton appealed her revocation and sentence to the Tenth Circuit Court of Appeals, arguing that the evidence was insufficient to support the revocation of her probation and that the Court abused its discretion when it imposed a sentence of 36 months' incarceration. On December 9, 2004, the Tenth Circuit affirmed this Court's decision, finding sufficient evidence to support the revocation of Patton's probation and finding that the sentence imposed by this Court was "reasoned and reasonable." *United States v. Patton*, 118 Fed. Appx. 427 (10th Cir. 2004).

II.   Discussion

Patton asserts two grounds in support of her Section 2255 motion: (1) the Court violated her Sixth Amendment rights when it used "aggravating factors" that the Court found by a preponderance of the evidence, and (2) the Court erred when it sentenced her to a term of imprisonment greater than her original sentencing guideline range.

Patton asserts that the Court violated her Sixth Amendment rights when it sentenced her based upon "aggravating factors" that it found by a preponderance of the evidence. Upon review of Patton's pleadings, it appears that she is basing this assertion on the United States Supreme Court's recent decision in *United States v. Booker*, 125 S. Ct. 738 (2005). However, due to the advisory nature of the sentencing guidelines governing the revocation of probation, the holding in *Booker* is inapplicable to revocation proceedings. *See United States v. Contreras-Martinez*, 409

F.3d 1236, 1242-43 (10th Cir. 2005). Accordingly, the Court finds that Patton's Sixth Amendment rights were not violated.

Patton also asserts that the Court erred when it sentenced her to a term of imprisonment greater than her original sentencing guideline range. Specifically, Patton contends that if a court revokes probation, it cannot consider the conduct resulting in the revocation when determining the sentence to impose and can only impose a sentence that was available at the time of the initial sentencing. Having reviewed the parties' submissions, the Court finds that Patton's assertion is without merit. Initially, the Court would note that Patton challenged the length of her sentence in her appeal to the Tenth Circuit and that the Tenth Circuit upheld the sentence, finding it was "reasoned and reasonable." Additionally, the Court finds that Patton's sentence was a sentence that was available at the time of the initial sentencing. While Patton's sentencing guideline range was 0-6 months, the statutory maximum for her offense of conviction was five years. Thus, a sentence of up to 60 months imprisonment was available at the time of Patton's initial sentencing.

Accordingly, the Court finds that Patton's Section 2255 motion should be denied.

### III.    Evidentiary Hearing

As set forth above, Patton's motion does not set forth a basis for relief. Because that conclusion is conclusively shown from the record and from the nature of Patton's claims, the Court finds there is no need for an evidentiary hearing on this petition. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Patton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT I S SO ORDERED this 20th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE